FILED
12/4/18 7:39 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUTPCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: : | Case No. 17-22780-GLT |
| RONALD E. GARRETT, SR., : | Chapter 13 |
| *Debtor*. : | Related to Dkt. No. 93 |
| STEIDL & STEINBERG, P.C., : | |
| *Applicant*, : | Hearing: December 5, 2018 at 9:00 a.m. |
| v. : | |
| NO RESPONDENT, : | |
| *Respondent*. : | |

# ORDER

Before the Court is the *Application for Interim Compensation by Counsel for Debtor* (the "Application") filed by Steidl & Steinberg, P.C. (the "Applicant") which requests the allowance of legal fees in the amount of $6,727.50 for the period of May 30, 2017 through October 29, 2018 in the above-captioned case.[1] The Applicant recently filed a *Certificate of No Objection* as no timely objection to the *Application* was filed by any party.[2] After finding that it has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §1334 and this matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b), the Court also concludes that due and proper notice of the *Application* and the objection deadline were given. Accordingly, the Court makes the following findings:[3]

---

[1]   Dkt. No. 93.

[2]   Dkt. No. 95.

[3]   This Order constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

1

A. Pursuant to 11 U.S.C. § 330(a)(4)(B), "the court may allow reasonable compensation to the debtor's attorney [in a chapter 13 case] … based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." To determine the amount of reasonable compensation to be awarded, section 330(a)(3) directs the Court to consider the nature, extent, and value of such services, taking into account all relevant factors, including:

(i) The time spent on such services;

(ii) The rates charged for such services;

(iii) Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered, toward the completion of the bankruptcy case;

(iv) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(v) With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(vi) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.[4]

B. Consistent with its duty to independently scrutinize fee applications,[5] the Court finds that some of the fees requested in the *Application* require adjustment because they are unreasonable or excessive in light of the tasks performed. Specifically, the *Application* unreasonably charges the Debtor for purely administrative tasks at the attorney's full hourly rate. Within the

---

[4] 11 U.S.C. § 330(a)(3).

[5] See 11 U.S.C. § 329(b); In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994).

*Application*, the Court identified several purely administrative tasks that were charged at the Applicant's full hourly rate of $300 per hour. The charges consist of the following:

| Description | Date | Time Charged | Amount Charged | Adjusted Amount |
|---|---|---|---|---|
| Preparation of Notice of Self-Scheduled Hearing and COS | 3/13/2018 | 0.2 hours | $60 | $30 |
| Filing of Objection, Notice of Hearing, and COS | 3/13/2018 | 0.1 hours | $30 | $15 |
| Service of Objection and Notice of Hearing | 3/13/2018 | 0.1 hours | $30 | $15 |
| Filing of Motion to Withdraw Objection | 7/16/2018 | 0.1 hours | $30 | $15 |
| Filing of Fee Application | 10/29/2018 | 0.2 hours | $60 | $30 |

C. The rate charged for a specific task must be commensurate with the skills and experience necessary to complete the activity. For this reason, courts find it necessary to reduce the rate billed by attorneys for work done on administrative or clerical tasks.[6]

D. Pursuant to the *Application*, the attorney billed her work at $300 per hour. However, this rate represents work to be performed by the attorney in their capacity as legal counsel. Work that could or should have been performed by a non-attorney may not be billed at the same rate as work requiring the attorney's special expertise. The *Application* also records the Applicant's rate for paraprofessional work as $150 per hour. Accordingly, for the purely administrative tasks identified above in ¶ B, the Court finds that a rate of $150 per hour is appropriate. Applying these terms to the above charges, the Court finds that the appropriate fee for the tasks referenced in ¶ B is $105 ($150/hour x 0.7 hours = $105). Accordingly, the Court will reduce the requested fees by $105 ($210 - $105 = $105).

---

[6] See, e.g., In re DeMarco, 2016 WL 899915 at *5 (Bankr. D.N.J. Feb. 9, 2016) ("Such routine ministerial, secretarial, or paralegal in nature tasks generally should not be compensated at an attorney's hourly rate."); In re S.T.N. Enterprises, Inc., 70 B.R. 823, 839 (Bankr. D.Vt. 1987) (activities that should be performed by administrative rather than legal staff "must not be billed by the hour at an attorney's rate"); Tatum v. City of New York, 2010 WL 334975 (S.D.N.Y. Jan. 28, 2010).

E.  The Court also identified charges within the *Application* which were excessive in light of the activities performed. Based on its review of the underlying documentation produced in connection with each time entry listed below, the Court concludes that the time spent on the following tasks was not reasonable:

| Description | Date | Time Charged | Amount Charged | Adjusted Time | Adjusted Fee |
|---|---|---|---|---|---|
| Preparation of Amended Motion to Attach Wages | 4/10/2018 | 0.5 | $75 | 0.2 | $30 |
| CNO re Objection to Respondent's Claim 18 | 4/13/2018 | 0.6 | $90 | 0.2 | $30 |

F.  The activity referenced above concerned the drafting of an *Amended Motion to Attach Wages*[7] filed by the Applicant on April 10, 2018, and the preparation of a *Certificate of No Objection*[8] on April 13, 2018. The *Amended Motion to Attach Wages* was identical to another *Motion to Attach Wages* filed at Dkt. No. 45 on November 20, 2017, except for its amount. Likewise, the *Certificate of No Objection* was identical to any other *Certificate of No Objection* filed by the Applicant except with regard to the document that it was referring to.

G.  As shown in the last column in the chart above, the Court has reduced the amount of time charged for the legal services identified in ¶ E. The corresponding reduction of 0.7 hours results in a deduction of $105 (0.7 * $150/hour = $105) from the total fees requested in the *Application*.

H.  After considering the reduction for administrative tasks in ¶ B ($105) and the reductions for excessive time identified in ¶ E ($105), the Court will adjust the fees requested in the *Application* by $210 ($105 + $105 = $210). This results in total allowed fees in the amount of $6,517.50 ($6,727.50 - $210 = $6,517.50).

---

[7] Dkt. No. 68.
[8] Dkt. No. 71.

4

I. The Court notes that the Applicant previously submitted numerous fee applications which were approved for payment because they did not present any issues of concern. In rendering these findings, the Court does not wish to convey that there are any systemic concerns about the Applicant's billing practices, nor does it wish to overly scrutinize each fee application beyond the standards required under section 330. Instead, the Court recognizes the volume of work that is required to prosecute a chapter 13 case on behalf of a consumer debtor and it acknowledges that legal counsel are entitled to be adequately compensated for their time and services. In this instance, however, the Court was compelled to make adjustments when it observed multiple time entries that are seemingly excessive for the nature of the work involved.

Based upon the foregoing, the Court finds that it is reasonable and appropriate to reduce the fees requested in the *Application* to an amount which is commensurate with the value of the services received by the bankruptcy estate. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. The *Application* is granted in the amount of $6,517.50 ($6,727.50 - $210 = $6,517.50) for legal fees incurred during the period of May 30, 2017 through October 29, 2018. The *Application* is denied to the extent it seeks $210 in fees for the time entries referenced in paragraphs B and E.

2. Considering the initial legal retainer received in the amount of $600 and the no-look fee paid by the chapter 13 trustee in the amount of $4,000, the Applicant has been granted $4,000 in fees to date. Accordingly, this Order grants an award of additional compensation in the amount of $2,517.50 ($6,517.50 - $4,000 = $2,517.50).

3. The remaining unpaid balance of $6,517.50, representing the total allowed compensation in the amount of $6,517.50 less the initial retainer of $600, is to be paid to Steidl & Steinberg, P.C. through the chapter 13 plan provided that the plan sufficiently provides for those

fees. The fees must be paid from the Debtors' resources without decreasing the percentage or amount to be paid to other creditors through the plan. At this time, the Applicant is only seeking compensation in the amount of $5,000, with the approval of the additional $1,517.50 for the future without further order of this Court.

    4.  The Clerk shall record the final award of compensation in the amount of $5,000. The Applicant may request up to an additional $1,517.50 without further order of the Court.

Dated:  December 3, 2018

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

cm: Debtors
   Steidl & Steinberg, P.C.
   Ronda Winnecour, chapter 13 trustee

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                              Case No. 17-22780-GLT
Ronald E. Garrett                                                   Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: culy              Page 1 of 1               Date Rcvd: Dec 04, 2018
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 06, 2018.
db             +Ronald E. Garrett,    7939 Orlan Place,    Verona, PA 15147-1546

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 06, 2018                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 4, 2018 at the address(es) listed below:
          Brett A. Solomon    on behalf of Creditor    Ally Financial bsolomon@tuckerlaw.com,
           agilbert@tuckerlaw.com;cabbott@tuckerlaw.com;dparanay@tuckerlaw.com
          James Warmbrodt    on behalf of Creditor    VW Credit, Inc. bkgroup@kmllawgroup.com
          James A. Prostko    on behalf of Creditor    Wells Fargo Bank, National Association As Trustee For
           et. al. pawb@fedphe.com,    james.prostko@phelanhallinan.com
          Jeffrey R. Hunt    on behalf of Creditor    County of Allegheny jhunt@grblaw.com,
           cnoroski@grblaw.com
          Jennifer L. Cerce    on behalf of Creditor    Wilkinsburg School District and Borough of
           Wilkinsburg jlc@mbm-law.net
          Jerome B. Blank    on behalf of Creditor    Wells Fargo Bank, National Association As Trustee For
           et. al. pawb@fedphe.com
          Lauren M. Lamb    on behalf of Debtor Ronald E. Garrett
           julie.steidl@steidl-steinberg.com;courtdocs.sands@gmail.com;dambrose@steidl-steinberg.com;cgoga@s
           teidl-steinberg.com;lamblr53037@notify.bestcase.com;rlager@steidl-steinberg.com;leslie.nebel@stei
           dl-steinberg.com
          Neal R. Cramer    on behalf of Creditor    PAAC Transit Division FCU nrc@jpilaw.com,    mgh@jpilaw.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
          Thomas Song    on behalf of Creditor    Wells Fargo Bank, National Association As Trustee For et.
           al. pawb@fedphe.com
                                                                                               TOTAL: 11